UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:11-CR-00103-JAR-8 |
| ) | |
| DONALD TURNER, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Donald Turner's motion seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In light of President Biden's grant of clemency, and no other factors warranting further reduction, the motion will be denied.

**BACKGROUND**

The background of this case is described in detail in the Court's previous order dated May 18, 2022. (Doc. 1571). In short, after a jury trial in April 2013, Turner was convicted of three counts relating to a large drug-trafficking operation involving multiple co-conspirators. Based on Turner's prior felony drug offenses, the Court sentenced him to a mandatory term of life imprisonment on Count I and concurrent terms of 360 months on Counts IV and VI, followed by 10 years of supervised release. In May 2022, the Court reduced Turner's life sentence to 360 months based on a change in sentencing laws and the disparity in his sentence vis-à-vis co-defendants. (Doc. 1571).

In June 2024, Turner filed the instant motion asking the Court to reduce his sentence to 17 years (204 months). (Doc. 1673). On January 17, 2025, President Joseph Biden issued an executive grant of clemency reducing Turner's sentence to 220 months. (Doc. 1693 at 17).

Turner is currently incarcerated at Yazoo City Medium FCI in Mississippi with a projected release date of April 15, 2026. He is 48 years old.

## LEGAL STANDARDS

The First Step Act, passed in 2018, allows an incarcerated individual to bring his own motion for compassionate release if he has exhausted his administrative appeals or after the warden of his facility receives the request and does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b). Aside from allowing defendants to bring their own motions, the First Step Act did not change the standards for compassionate release. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons," (2) applicable policy statements issued by the Sentencing Commission, and (3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" include: (1) a terminal illness or serious medical condition; (2) the defendant's age (at least 65 years old); (3) family circumstances such as the death or incapacitation of the caregiver of the defendant's minor children; (4) abuse by or at the direction of a person having control over the defendant and resulting in liability; (5) other reasons of similar gravity; or (6) for a defendant who received an unusually long sentence and has served at least 10 years, a subsequent change in the law (other than non-retroactive amendments to the guidelines) would produce a gross disparity between the original sentence and the one he would have received after the change. U.S.S.G. § 1B1.13(b). *Id*.

The second requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2).  Relevant factors include the nature of the offense, the

2

history and characteristics of the defendant, and the nature of the danger. *Id*. (incorporating the 18 U.S.C. § 3142(g) factors).

The third requirement focuses on § 3553(a) sentencing factors, which include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo 2019). A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. *See, e.g., United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

## DISCUSSION

As a preliminary matter, the Court finds that Turner has exhausted his administrative remedies as required by § 3582(c)(1)(A).  Turner submitted a request to the warden of his facility on May 3, 2024 (Doc. 1673-1 at 44-46) and avers in his motion that he had received no response by the time of filing on June 13, 2024, i.e., 41 days later.  Fed. R. Civ. P. 11(b) (regarding representations to the court in signed pleadings).

**Extraordinary and Compelling Reasons**

Turner asserts that his circumstances are extraordinary and compelling for several reasons. First, he cites his medical conditions, specifically hypertension and pre-diabetes, and an increased risk of complications from COVID-19. These common conditions do not meet sentencing guideline standards, which contemplate a serious condition that diminishes one's

3

ability to provide self-care or requires specialized care that is not being provided. U.S.S.G. § 1B1.13(b)(1). Even factoring in COVID, the guidelines require an ongoing outbreak in the facility and an increased risk of severe complications that cannot be timely mitigated. *Id*. According to the last available data from Bureau of Prisons dated January 21, 2025, Yazoo City FCI had only five COVID cases out of 4,331 inmates.[1] The Centers for Disease Control estimates that, as of April 1, 2025, the rate of infection is static in Mississippi and declining in the United States on the whole.[2] Turner's health conditions and COVID risks do not rise to the level of "extraordinary and compelling" under § 3582(c)(1)(A).

Second, Turner asserts that a reduction in sentence is warranted in that the First Step Act modified the definition of predicate offenses triggering enhancements under 18 U.S.C. § 851 and changed the mandatory sentence from life to a minimum of 25 years on Count I. 21 U.S.C. § 841(b)(1)(A). But the Court already considered this and reduced his sentence accordingly in May 2022. Turner also argued in his brief, dated June 2024, that there remained a significant disparity in his sentence in relation to his co-defendants who entered guilty pleas, the longest being 240 months. But President Biden's grant of clemency in January 2025, reducing Turner's sentence from 360 months to 220 months, cured any arguable disparities.

Third, Turner cites harsh and dangerous prison conditions and frequent lockdowns due to COVID and staffing shortages. While the Court acknowledges the perils of incarceration, these conditions affect all inmates and do not qualify as an extraordinary and compelling circumstance justifying individual relief for Turner.

Finally, Turner asks the Court to consider his extensive rehabilitation efforts, as

---

[1] BOP Statistics: Inmate COVID-19 (last visited April 4, 2025). It appears that the BOP is no longer updating inmate COVID-19 data as of January 21, 2025. [https://perma.cc/GAS4-TAET]
[2] Current Epidemic Trends (Based on Rt) for States | CFA: Modeling and Forecasting | CDC (last visited April 4, 2025). [https://perma.cc/YKS9-WF6U]

4

evidenced by numerous certificates of achievement. (Doc. 1673-1 at 2-42). Turner also submitted a supplemental letter to the Court reflecting his rehabilitation and stating his plans upon release. (Doc. 1683). While the Court commends Turner's personal development, rehabilitation alone is insufficient to warrant relief and may only be considered in combination with other compelling factors. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); *United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023). Even considering the totality, Turner's circumstances do not rise to the level of extraordinary and compelling to warrant relief.

### Community Safety and § 3553 Sentencing Factors

Proceeding to the second requirement of 18 U.S.C. § 3582(c)(1)(A), the Guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). As relevant to this factor, Turner's PATTERN assessment and BOP records demonstrate good behavior and a low risk of recidivism. (Doc. 1673 at 50-55). However, in the Court's view, the sentencing factors set forth in § 3553(a) do not weigh in favor of a further reduction. As the Court reasoned in its prior order (Doc. 1572), Turner was involved in a large-scale drug conspiracy that caused significant harm to individuals, families, and communities in Southeast Missouri. The Court believes that Turner's sentence, commuted to 220 months by President Biden, is fair, just, and necessary to provide adequate punishment and deterrence, and that no further reductions are necessary or appropriate in this case.

5

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) is **DENIED**. (Doc. 1672). Pursuant to President Biden's grant of clemency, Defendant's sentence was commuted to a term of 220 months, followed by a term of 10 years of supervised release as originally imposed by the Court. (Doc. 1693 at 17). All other provisions of the original judgment remain in full force and effect.

Dated April 7, 2025.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE